IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GILBERT DEAN DAVIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. CIV-06-277-M |
| | ) |
| JUSTIN JONES,, | ) |
| | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing *pro se*, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus.[1] The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition has been promptly examined. Because the petition is a second or successive petition, it is recommended that the petition be transferred to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) and 28 U.S.C. § 1631.

Background[2]

On June 9, 1986, Petitioner plead guilty to the crime of murder in the first degree and received a life sentence in Case No. CRF-1985-4165, District Court of Oklahoma County. On January 16, 1987 Petitioner filed his first application for post-conviciton

---

[1] The initial document filed by Petitioner is titled "Rule 5. Appeal By Permission Under 28 U.S.C. § 1229(b), And Motion To Set Aside The Order Amend Findings And To Grant Relief Judgment Entered Herein." However, review of the document reveals that Petitioner is clearly attempting to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in Case No. CRF-85-4165, District Court of Oklahoma County.

[2] The background information is taken from the Order Denying Application for Post-Conviction Relief filed on January 26, 2006 in Case No. CRF-1985-4165, District Court of Oklahoma County, attached to Petitioner's petition as Exhibit "B". It is noted that on page 2 of Petitioner's petition, he claims that he entered a not guilty plea and received a non-jury trial. Petition at 2.

relief which was denied. On August 31, 1988, Petitioner filed a second application for post-conviction relief which was also denied. On February 23, 1989 Petitioner filed his third application for post-conviction relief which was denied on March 23, 1989. On April 25, 1989, the Oklahoma Court of Criminal Appeals (OCCA) affirmed the district court's denial of relief. On June 22, 1995 Petitioner filed his fourth application for post-conviction relief. The date upon which this application was denied is not provided; however, pursuant to the Oklahoma State Courts Network (OSCN), at http://oscn.net (Case No. PC-1995-813), the OCCA affirmed the trial court's denial of relief on September 6, 1995. On February 26, 1998, Petitioner filed his fifth application for post-conviction relief which was denied and which denial was affirmed by the OCCA on June 16, 1998. *See* OSCN at http://oscn.net, (Case No. PC-1998-427). Further, the OCCA specifically stated that subsequent applications on these issues were barred. On June 16, 1998, Petitioner's sixth application for post-conviction relief was denied. On January 26, 2006, Petitioner's seventh application for post-conviction relief was denied and Petitioner was directed to show cause within thirty (30) days why sanctions should not be imposed. On February 7, 2006 the OCCA affirmed the district court's denial of relief.

      Petitioner cites to a post-conviction case number in his petition regarding any previous actions filed in this Court for federal habeas relief attacking the same conviction involved in the present action. *See* Petition at 4. However, the undersigned takes judicial notice of this Court's records which show that on November 22, 1995, Petitioner filed a federal habeas corpus action pursuant to 28 U.S.C. § 2254 challenging his conviction in CRF-1985-4165. *See Davis v. Jones*, Case No. CIV-95-1845-W. By order

dated April 15, 1996, habeas relief was denied. Petitioner appealed from that order, and on May 20, 1997, the Tenth Circuit dismissed Petitioner's appeal. Further, on July 6, 1998, Petitioner filed another federal habeas corpus action pursuant to 28 U.S.C. § 2254 again challenging his conviction in CRF-1985-4165. *See Davis v. Hargett*, Case No. CIV-98-939-W. By order dated September 16, 1998, this action was found to be second and successive and transferred to the Tenth Circuit Court of Appeals.

In the instant petition, filed on March 15, 2006, Petitioner is clearly attempting once again to challenge his conviction in CRF-1985-4165, District Court of Oklahoma County. Petitioner argues that he was denied effective assistance of counsel throughout the trial proceedings and that the trial court abused its discretion in failing to have Petitioner examined by a doctor of the "Veterans Administration Hospital to determine Petitioner's insanity." Petition at 1.

## **Analysis**

Title 28 U.S.C. § 2244(b) limits the circumstances in which a petitioner may file a second or successive habeas corpus action under § 2254 and further provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The statutory requirement for prior authorization is jurisdictional. *See Lopez v. Douglas*, 141 F.3d 974, 975-76 (10th Cir. 1998) (because the petitioner did not obtain prior authorization to file a successive habeas petition, "the district court lacked jurisdiction to decide his unauthorized second petition"); 28 U.S.C. § 2244(b)(3)(A). Thus, when a petitioner files a second or successive

petition in this district court without the required authorization, the Court should transfer the action to the Tenth Circuit Court of Appeals. *See Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) ("when a second or successive petition for habeas corpus relief under § 2254 . . . is filed in the district court without the required authorization by [the Tenth Circuit Court of Appeals], the district court should transfer the petition or motion to this court in the interest of justice pursuant to § 1631").

By this action, Petitioner is attempting to bring a second challenge to the validity of his conviction and sentence in Case No. CRF-1985–4165. The instant petition should be transferred to the Tenth Circuit pursuant to 28 U.S.C. § 1631 (authorizing transfer to cure lack of jurisdiction). Upon transfer, Petitioner may seek authorization to pursue a second or successive petition for a writ of habeas corpus in accordance with 28 U.S.C. § 2244(b)(3).

## RECOMMENDATION

For the reasons discussed herein, it is the recommendation of the undersigned Magistrate Judge that the petition for a writ of habeas corpus be transferred to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. §§ 1631 and 2244(b)(3)(A). In light of this recommendation, it is further recommended that Petitioner's motion to appoint counsel [Doc. No. 9] be denied. Petitioner is advised of his right to object to this Report and Recommendation by the 18th day of May, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 28th day of April, 2006.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE